**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:

| | |
|---|---|
| **SURFACE PROTECTION INTERNATIONAL, LLC**<br>Debtor. | **CASE NO. 26-52283**<br>**Ch. 11**<br>**Hon. Thomas J. Tucker** |

_______________________________________________________/

**DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN INTERIM ORDER AND FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION AND REQUEST FOR EMERGENCY HEARING**

**NOW COMES** Debtor, Surface Protection International, LLC ("Debtor"), and in support of Debtor's First Day Motion for Entry or an Interim Order and Final Order Authorizing Use of Cash Collateral and Providing Adequate Protection and Request for Emergency Hearing (the "Motion"), states the following:

## I. INTRODUCTORY STATEMENT REQUIRED BY F. R. BANKR. P. 4001(b)(1)(B)

**(i) Name of each entity with an interest in cash collateral:**
**Answer:** ODK Capital, LLC a/k/a OnDeck

**(ii) The purpose and use of the cash collateral:**

**Answer:** Operating expenses must be paid in order to maintain employees, rent, purchase materials to create products for sale, prevent utilities from being disconnected, maintain insurance, maintenance services; whereby, Debtor must obtain use of cash collateral; otherwise, Debtor shall suffer immediate and irreparable harm. **<u>Debtor pays its employees weekly</u>**, so the need for a hearing is paramount. Debtor did attempt to confer with ODK prior to filing, but was unable to obtain a response.

**(iii) The terms, including duration, of the use of cash collateral:**

**Answer:** Without limiting the substance of the Motion, in order to avoid immediate and

irreparable harm to the Debtor and the Debtor's Estate, the Debtor must use cash collateral in an amount of $157,000.00, from November 10, 2026, with a ten percent (10%) variance, through December 10, 2026, to maintain employment of employees, make payroll tax, acquire materials to create products, acquire supplies, maintain adequate insurance, prevent utilities from being disconnected, maintenance services, to pay ODK Capital, LLC, adequate protection incident to their security interest and other immediate operating expenses of the Debtor's business between the Petition Date and the Date of the Final Hearing on this matter. A detailed budget is attached to the Motion as **Exhibit B**.

**(iv) Any liens, cash payments, or other adequate protection that will be provided to each entity with an interest in the cash collateral or, if no additional adequate protection is proposed, an explanation of why each entity's interest is adequate protected:**

**Answer:** Incident to the Debtor's use of cash collateral as provided above, Debtor will provide adequate protection to ODK Capital, LLC, by increasing and preserving the value of the business, and generating post-petition revenue for the benefit of ODK Capital, LLC, the Debtor and the Estate as follows: (a) ODK Capital, LLC, shall be granted a replacement lien in the same amount, priority and extent as it had pre-petition (the "Adequate Protection Lien"), effective as of the Petition Date, upon all property of the Debtor, including Pre-Petition Collateral and all replacements and proceeds of Pre-Petition Collateral, to the extent of ODK Capital, LLC's pre-petition secured claim. Any types of Collateral that do not also constitute Pre-Petition Collateral, or the proceeds and products thereof, shall only secure and compensate ODK Capital, LLC for any diminution in the value of its respective pre-petition collateral, any use of cash collateral, and any use of cash between the Petition Date and date of final payment to ODK Capital, LLC. ODK Capital, LLC's adequate protection liens in the pre-petition collateral and the collateral shall constitute a valid, enforceable, perfected liens and security interests existing on the Petition

Date in the Pre-Petition Collateral in the same amount, priority, and extent ODK Capital, LLC had before the Petition Date. Debtor will make adequate protection payments to ODK Capital, LLC as follows: Commencing January 1, 2027, Debtor shall pay ODK Capital, LLC $1,000.00 per month; and continuing while this case remains in Chapter 11, the Debtor shall pay ODK Capital, LLC, on the first day of each calendar month thereafter, the sum of $1,000.00 under the Debtor's loan documents with ODK Capital, LLC to be applied to the loan balances with respect to the debt.

Operating expenses must be paid in order to maintain Debtor's business; therefore, Debtor must obtain use of cash collateral; otherwise, Debtor shall suffer immediate and irreparable harm. As a result, Debtors specifically requests that the Court schedule a hearing on this Motion as soon as possible to authorize the use of cash collateral, by Debtor so that payroll can be met this Friday, November 13, 2026.

## II. JURISDICTION

1. The Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(B)(2).

3. Venue of this proceeding and this motion in this district is proper pursuant to 28 U.S.C. §§1408 and 1409(a).

## III. BACKGROUND

4. On November 10, 2026, ("the Petition Date"), Debtor filed a Voluntary Petition for relief under Chapter 11 of Title 11, Subchapter V, of the United States Bankruptcy Code ("the Bankruptcy Code"). Debtor continues to operate its business and manage its day-to-day operations, financial affairs, as a debtor in possession pursuant to 11 U.S.C. §§1107(a) and 1108 of the Bankruptcy Code.

5. A Subchapter V Trustee has not yet been appointed in this case.

6. In support of this Motion, the Debtor submits the Affidavit of Raymond Blake in support of the Chapter 11 Petition and First Day Motion, which will be filed concurrently with this Motion.

7. Surface Protection International, LLC provide surface protection solutions to the construction industry to protect fixtures, surfaces, and cabinets from damage resulting from construction.

8. Pursuant to LBR 1015-1, Debtor makes the following disclosures:

a) At the time of filing, Raymond Blake is 100% member of Surface Protection International, LLC;

b) Debtor is not a publicly traded company, and Raymond Blake is the managing member.

c) Raymond Blake does not owe Surface Protection International, LLC money; nor does Surface Protection International, LLC owe Raymond Blake money.

d) Historically, Raymond Blake paid personal expenses as his salary from Surface Protection. From the date of filing forward, Raymond Blake will be paid an annual salary of $120,000, payable in the amount of $2,307.69 weekly.

e) Debtor owes no taxing authorities for income, sales or withholding taxes.

**b. Events Leading to Chapter 11 Filings**

9. Debtors incorporate by reference the allegations contained in paragraphs 1 through 9 and state the following:

10. Raymond Blake created Surface Protection International, LLC to provide services within the State of Michigan.

11. Surface Protection International, LLC borrowed a high interest rate merchant cash advance with ODK Capital, LLC, Inc. to keep the business operating. Below is a brief ledger of estimated indebtedness between the Debtor and ODK Capital, LLC:

| | |
|---|---|
| Principal: | $181,487.99 |
| Interest rate: | $46.90% |
| TOTAL: | **unknown** |

12. Because of the weekly payments on the debts to ODK Capital, LLC, as well as other high-interest rate loans, Debtor became unable to pay his suppliers. The suppliers filed lawsuits to collect on their outstanding invoices.

13. Debtor reasonably believes with a plan of reorganization, it can successfully pay creditors over a 60-month period and reorganize its debt.

**Request for Use of Cash Collateral**

14. Debtor believes, given its pre-petition business sales, that its post-petition operations will be profitable and that it will be able to demonstrate its ability to remain profitable during this bankruptcy proceeding and beyond. Debtor prepared an operating budget (the "Budget"), attached as **Exhibit B**, which contains projected sales and an anticipated budget of necessary expenditures.

15. The Budget sets forth Debtor's projected revenue (based upon recent historical sales) and anticipates expenses that are necessary for the Debtor's operations in order to avoid immediate and irreparable harm, based upon an average of the last six months (**Exhibit C**).

16. Based on the Budget, the Debtor believes it will remain profitable and will be able to provide ODK Capital, LLC with adequate protection of its interest in the Debtor's cash

collateral through continuing liens being offered below and other adequate assurances.

**Adequate Protection**

17. "Adequate protection" is not explicitly defined in the Bankruptcy Code. Section 361 of the Bankruptcy Code does provide a nonexclusive list ways a debtor-in-possession may provide adequate protection, which includes: (i) periodic cash payments, (ii) additional or replacement liens, or (iii) other relief resulting in the "indubitable equivalent" of the secured creditor's interest in such property. As adequate protection for any security interests that ODK Capital, LLC may claim in the Debtor's cash collateral, and to the extent that the Debtor uses such cash collateral and does not replace same, Debtor offers replacement liens in all types and descriptions of collateral that may have been secured and that are created, acquired or arise after the Petition Date. Debtor's proposed counsel was unable to reach anyone at ODK Capital, LLC, to discuss these issues prior to filing the instant case.

18. Despite the examples provided above, adequate protection must be decided on a case-by-case basis. *See, e.g., In re Masello,* 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); *see also, In re O'Connor,* 808 F.2d 1393, 1396 (10th Cir. 1987); and *In re Martin,* 761 F.2d 472 (8th Cir. 1985). The proposed adequate protection must be intended to protect a secured creditor from diminution in the value of its pre-petition collateral while the Debtor uses it. *See In re 494 Central Park Avenue Corp.,* 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992); *In re Beker Indus. Corp.*, 58 B.R. at 736; *In re Hubbard Power & Light,* 202 B.R. 680 (Bankr. E.D.N.Y. 1996). Debtor's past operating profits, and projected continued profits supply sufficient adequate protection to ODK Capital, LLC. *See Matter of Pursuit Athletic Footwear, Inc.*, 193 B.R. 713, (Bankr. D. Del. 1996).

19. In addition, Debtor has agreed to provide a post-petition lien on account receivables and inventory potentially make ODK Capital, LLC fully secured in the underlying

obligations.

20. Given the adequate protection submitted above, Debtor believes there is good cause for it to be granted authority to use its cash collateral.

21. In spending its cash collateral, Debtor will only spend money for those expenses that are necessary for the operations of the Debtor's business.

**Notice**

22. Debtor provides notice of this Motion in accordance with L.B.R. 9013-1 (E.D.M.). Debtor will immediately provide notice of the hearing on the Motion by facsimile, email, overnight mail or personal service on all parties to be served.

23. Debtor has not sought the relief requested in this Motion before this or any other Court.

**Conclusion**

24. Without authority to use its cash collateral, Debtor's operations would cease, which would result in immediate and irreparable harm that would be detrimental to the estate and to all its creditors.

25. The entry of an order authorizing Debtor's use of cash collateral will minimize disruption of the Debtor's business and will increase the possibility of a successful reorganization, and therefore it is in the best interests of the estate and creditors.

26. At this time, Debtor is seeking to use cash collateral on an interim basis to pay necessary operating expenses (as outlined in the budget) to avoid immediate and irreparable harm to the Estate until the Court holds a final hearing on the Debtor's use of cash collateral. To the extent that no parties object to the order authorizing Debtor's use of cash collateral after service of the Interim Order, the Debtor will request that the Court cancel the final hearing, and

the order attached as **Exhibit A** (or order substantially similar to the order attached as Exhibit A) will become a final order authorizing the use of Debtor's cash collateral going forward.

WHEREFORE, Debtor respectfully requests this Honorable Court:

a. Enter the order attached as **Exhibit A** (or order substantially similar to the order attached as Exhibit A as deemed appropriate by the Court) authorizing the Debtor to use cash collateral and granting adequate protection; and

b. Enter the order scheduling an expedited hearing on this motion.

Respectfully submitted,

/s/Tami R. Salzbrenner
Jerome D. Frank (P13634)
Tami R. Salzbrenner (P83840)
The Frank Firm, PLLC
Attorneys for certain Defendants
30833 Northwestern Hwy, Suite 205
Farmington Hills, Michigan 48334
(248) 932-1440
Dated: November 10, 2026

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:

**SURFACE PROTECTION INTERNATIONAL, LLC**
Debtor.

**CASE NO. 26-52283**
**Ch. 11**
**Hon. Thomas J. Tucker**

_______________________________________________________/

## INTERIM ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Surface Protection International, LLC (the "Debtor") having sought authority to utilize cash collateral from ODK Capital, LLC ("Lender"), and give security and other protection therefore, and to provide adequate protection to Lender; and the Court being otherwise fully advised in the premises;

**THE COURT FINDS AS FOLLOWS:**

A. On November 10, 2026 ("Petition Date") Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code ("Code"). Since the Petition Date, Debtor has remained in possession of its assets and has continued to operate and manage its business as debtor-in-possession. No committee of creditors holding unsecured claims or any other committee has been appointed.

B. Debtor has an outstanding loan relationship with Lender evidenced by a Business Loan and Security Agreement, which are secured, in part, by all Debtor's assets including but not limited to all of its accounts, accounts receivable, inventory, general intangibles, equipment, and fixtures and all proceeds thereof including all its cash collateral. The loan documents are hereafter referred to as "Pre-petition Loan Documents." As of the Petition Date, the unpaid balance due Lender from

the Debtor is unknown but exceeds $200,000. Upon information and belief, Lender is the only secured creditor that has a perfected security interest in cash collateral.

C. All cash, negotiable instruments, deposit accounts, securities, and other cash equivalents which are now, or may hereafter, come into the Debtor's possession, constitute and will continue to constitute the Lender's cash collateral and must be segregated and accounted for by the Debtor pursuant to Section 363(c)(4) of the Code, and cannot be used by the Debtor in operating its business or managing its affairs unless the Debtor provides the Lender adequate protection of its interest in the same pursuant to Section 363(c) of the Code.

D. The Debtor is presently confronted and will need cash to pay its ongoing operating expenses. Accordingly, the Debtor has requested that Lender consent to the use of cash collateral according to the terms of this Order.

E. Lender shall receive replacement liens in the Debtor's post-petition assets to the same extent and with the same priority that it has by virtue of the pre-petition perfected security interests as of the commencement of this case. The Lender will have a first perfected security interest in the aforementioned assets.

F. The entry of this Order will minimize disruption of the Debtor's operations and will increase the possibility of a successful reorganization and therefore is in the best interest of the Estate and its creditors.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted;

2. The Debtor is hereby authorized to utilize cash collateral in which the Lender

claims an interest for Debtor's necessary and reasonable operating expenses, in order to avoid immediate and irreparable harm, in the regular course of its business only, in accordance with the terms and conditions of this Order shall be in the amount of $157,000.00 with a 10% variance from the petition date through December 10, 2026. The permission to use cash collateral shall terminate upon the occurrence of any of the following: a) Debtor's failure to abide by any of the terms and conditions contained in this Order, any debtor in possession order, or any other order of this Court; b) an order being entered dismissing this case or converting it to a case under Chapter 7 of the Bankruptcy Code, appointing Receiver, and/or Trustee to perform any duties of the Debtor, or terminating the authority of the Debtor to conduct business; or c) Debtor's cessation of operations for more than five (5) business days for any reason other than acts of God or power interruption.

3. As adequate protection of Lender's interests under Sections 361, 362, 363(e) and 364(c) and (d) of the Bankruptcy Code, and to secure the payment of the Obligations, Lender is hereby granted a first and paramount priority security interest and a replacement lien upon the following property of the Debtor: a) all assets of the Debtor, including, but not limited to, all accounts, accounts receivable, notes (and all collateral security therefore) general intangibles (including but not limited to any insurance proceeds provided, however, that any causes of action brought under Chapter 5 of the Code and recoveries there from shall be excluded from the pre- and post-petition collateral of Lender), instruments, documents, chattel paper, goods, inventory, fixtures, equipment,

chattels, machinery and furniture, all cash and cash equivalents and Lender accounts and checking accounts, and the products and proceeds of all of the foregoing, arising, created or acquired subsequent to the filing of the Chapter 11 Petition (hereinafter referred to as the "Post-Petition Collateral"); and, b) the Pre-petition Collateral (collectively, the "Collateral"). The security interest and lien granted by this paragraph shall constitute a first lien.

4. Commencing January 1, 2027, Debtor shall pay Lender $1,000.00, and continuing while this case remains in Chapter 11, the Debtor shall pay Lender, on the first day of each calendar month thereafter, the sum of $1,000.00 under the Debtor's loan documents with Lender to be applied to the loan balances.

5. If, in the course of the reorganization proceeding, contrary to the provisions contained herein, this Court grants liens to others pursuant to 11 U.S.C. § 364(d) or any other provision of this Code, which liens are senior to or equal to the lien of Lender described above, then any proceeds of such loan or extensions of credit secured by such senior or equal liens shall be applied to payment of the Obligations to Lender.

6. The terms of this Order to allow Debtor's use of proceeds of Collateral as provided herein shall not be deemed to be a waiver of any part of the Obligations or a waiver of any claims Lender may have against any third parties, and is without prejudice to any of Lender's rights, interests and claims of any nature against any person or entity, including, without limitation, the Debtor's member, the Debtor's current and former account debtors, guarantors of the Debtor and in or to their respective assets, which rights, claims and interests are expressly

reserved. Further, nothing in this Order shall be construed to prohibit any actions (including litigation) Lender may take at any time against any guarantors of the Obligations or any other collateral for the Obligations. A bankruptcy proceeding filed by any Guarantor shall not constitute a violation of this paragraph, and the provisions of 11 USC § 362 shall apply in any such proceeding.

7. The Debtor shall, within twenty-four (24) hours following the entry of this Order, serve copies of this Order and the Debtor's motion for entry of this Order with all attachments on (i) the United States Trustee for the Eastern District of Michigan; (ii) the Debtor's 20 largest unsecured creditors; (iii) all other parties who are required to be served under Fed.R.Bankr.P.4001(d); and (iv) any other party that has filed, prior to such date, a request for notice with this Court, via ECF or first class mail.

8. This Order is entered as an Interim Order. A Hearing on confirming the Order as a final Order shall be heard by the Court on November _____, 2026 at ______a.m./p.m.

9. Objections to the order must be filed within 14 days from the entry of the Order, except that an official committee may file objections within 14 days of its formation or after its formation and service upon it of this Order;

10. If no timely objections are filed, this order will become a final order without a hearing, and the Debtor will be authorized to spend for those expenses referenced in the motion and exhibits plus a 10% variance, as well as any other expenses necessary for operating the business in the ordinary course going forward.

11. The Debtor's authority to use Cash Collateral shall continue until otherwise

ordered by the Court.

12. ODK Capital, LLC and all other persons subject to the Court's jurisdiction, are directed to affirmatively take whatever action is necessary or appropriate to release a pre-petition demands for payment of funds owed by Debtor. Failure or refusal to take any action necessary or appropriate may result in a violation of the automatic stay.

# Exhibit B

Budget

| | | |
|---|---|---|
| Accounting (Following Court Approval) | $ | 375.00 |
| Bank and transfer fees | $ | 335.00 |
| Manufacturing materials and packaging | $ | 85,000.00 |
| Business mobile phone | $ | 153.00 |
| Commercial utilities | $ | 625.00 |
| Equipment and repairs | $ | 450.00 |
| Freight and shipping | $ | 30,000.00 |
| Vehicle Payments | $ | 900.00 |
| Car Insurance | $ | 267.00 |
| Internet service | $ | 250.00 |
| Marketing and website | $ | 1,100.00 |
| Payroll processing fees | $ | 546.50 |
| Payroll tax funding | $ | 5,300.00 |
| Phone and answering service | $ | 692.00 |
| Waste disposal | $ | 517.00 |
| Workers compensation | $ | 560.00 |
| Payroll | $ | 22,000.00 |
| Rent | $ | 4,200.00 |
| General Liability | $ | 650.00 |
| Health Insurance | $ | 2,600.00 |
| | $ | 156,520.50 |

# Exhibit C

| Month | Nov-26 | Dec-26 | Jan-27 | Feb-27 | Mar-27 | Apr-27 | May-27 |
|---|---|---|---|---|---|---|---|
| Revenue | $ 192,852.20 | $ 192,852.20 | $ 200,000.00 | $ 200,000.00 | $ 205,000.00 | $ 205,000.00 | $ 208,000.00 |
| Cost of Sales | | | | | | | |
| Freight and shipping | $ 30,000.00 | $ 30,000.00 | $ 35,000.00 | $ 35,000.00 | $ 40,000.00 | $ 40,000.00 | $ 42,000.00 |
| Manufacturing materials | $ 85,000.00 | $ 85,000.00 | $ 86,000.00 | $ 86,000.00 | $ 90,000.00 | $ 90,000.00 | $ 90,000.00 |
| Gross Profit | $ 77,852.20 | $ 77,852.20 | $ 79,000.00 | $ 79,000.00 | $ 75,000.00 | $ 75,000.00 | $ 76,000.00 |
| Expenses | | | | | | | |
| Accounting | $ 375.00 | $ 375.00 | $ 375.00 | $ 375.00 | $ 375.00 | $ 375.00 | $ 375.00 |
| Bank and transfer fees | $ 335.00 | $ 335.00 | $ 335.00 | $ 335.00 | $ 335.00 | $ 335.00 | $ 335.00 |
| Business mobile phone | $ 153.00 | $ 153.00 | $ 153.00 | $ 153.00 | $ 153.00 | $ 153.00 | $ 153.00 |
| Commercial utilities | $ 625.00 | $ 625.00 | $ 625.00 | $ 625.00 | $ 625.00 | $ 575.00 | $ 550.00 |
| Equipment and repairs | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 |
| Vehicle Payments | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 | $ 900.00 |
| Car Insurance | $ 267.00 | $ 267.00 | $ 267.00 | $ 267.00 | $ 267.00 | $ 267.00 | $ 267.00 |
| Internet service | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 |
| Marketing and website | $ 1,100.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 1,100.00 | $ 1,100.00 | $ 1,100.00 |
| Payroll processing fees | $ 546.50 | $ 550.00 | $ 550.00 | $ 550.00 | $ 550.00 | $ 550.00 | $ 550.00 |
| Payroll tax funding | $ 5,300.00 | $ 5,300.00 | $ 5,300.00 | $ 5,300.00 | $ 5,300.00 | $ 5,300.00 | $ 5,300.00 |
| Phone and answering ser | $ 692.00 | $ 692.00 | $ 692.00 | $ 692.00 | $ 692.00 | $ 692.00 | $ 692.00 |
| Waste disposal | $ 517.00 | $ - | $ - | $ - | $ 720.00 | $ 1,500.00 | $ 450.00 |
| Workers compensation | $ 560.00 | $ 560.00 | $ 560.00 | $ 560.00 | $ 3,100.00 | $ 560.00 | $ 560.00 |
| Payroll | $ 22,000.00 | $ 22,000.00 | $ 22,000.00 | $ 22,000.00 | $ 22,000.00 | $ 22,000.00 | $ 22,000.00 |
| Rent and occupancy | $ 4,200.00 | $ 4,200.00 | $ 4,200.00 | $ 4,200.00 | $ 4,200.00 | $ 4,200.00 | $ 4,200.00 |
| Gen liability Insurance | $ 650.00 | $ 650.00 | $ 650.00 | $ 650.00 | $ 650.00 | $ 650.00 | $ 650.00 |
| Health Insurance | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 | $ 2,600.00 |
| Total Expenses | $ 41,520.50 | $ 40,407.00 | $ 40,407.00 | $ 40,407.00 | $ 44,267.00 | $ 42,457.00 | $ 41,382.00 |
| Projected Net Profit | $ 36,331.70 | $ 37,445.20 | $ 38,593.00 | $ 38,593.00 | $ 30,733.00 | $ 32,543.00 | $ 34,618.00 |