UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
**Surface Protection International, LLC**

Debtor.
_____________________________/

**Case No. 26-52283**
**Chapter 11**
**Hon. Thomas J. Tucker**

## AFFIDAVIT OF RAYMOND BLAKE IN SUPPORT OF DEBTOR'S CHAPTER 11 PETITION AND FIRST DAY MOTION

RAYMOND BLAKE, deposes and states unto this Court, the following:

1. I am the Manager and 100% owner of Surface Protection International, LLC ("Surface Protection").

2. I have knowledge and information with respect to the factual allegations contained in this affidavit. If called as a witness, I can competently testify to the same.

3. I am responsible for the day-to-day operations and management of Debtor's business and financial affairs.

4. On November 10, 2026, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code. Since the Petition date, Debtor has operated its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. This affidavit describes the Debtor's business affairs, the circumstances surrounding the commencement of this case and the relevant facts supporting the First Day Motion. Nothing herein is intended to be or should be construed as an admission of the validity of claims, security interests, liens, contractual defaults or any other rights that may be asserted against the Debtors. The statements made herein regarding the debts, obligations, defaults and liens represent only assertions made by creditors to the Debtor or that the Debtor anticipates will

be made by the creditors and does not constitute on the part of Raymond Blake that these assertions are true and/or accurate.

6. Surface Protection operates a business supplying surface protection for construction sites in the Metro-Detroit area.

7. From January 1, 2026, through October 2026, Surface Protection received $1,928,522.03 in revenue.

8. Surface Protection spends on average approximately $85,000 per month on manufacturing materials and packaging, and approximately $30,000 per month on freight on shipping.

9. Surface Protection's monthly operating expenses, including payroll, are approximately $54,000.

10. ODK Capital, LLC has a security interest in all Debtor's assets, which includes accounts receivable and inventory.

11. ODK Capital, LLC, is owed the principal balance of $181,487.99, and is charging interest at the rate of 46.90%, according to the loan documents. The current balance claimed as due is unknown.

12. Surface Protection remaining obligations are all general unsecured debts to various creditors.

13. At the time of filing, the Debtor's accounts receivable was $108,629.00.

14. Surface Protection requires the use of its cash collateral to continue paying employees, purchasing supplies and paying the operating expenses for the company.

15. The debt owed to ODK Capital, LLC, required high weekly payments, which interrupted Debtor's cash flow.

16. Debtor was unable to meet the weekly obligation to ODK Capital, LLC, while maintaining its payroll and other operating expense obligations.

17. Debtor reasonably believes with a plan of reorganization, it can successfully repay its creditors over a 60-month period.

18. Aside from possible personal guarantees by Raymond Blake, there are no other responsible parties for the Debtor's obligations.

19. Debtor attempted to make arrangements with ODK Capital, LLC, but was unable to do so.

20. Based upon Debtor's historical performance and projected income, it will have sufficient funds to pay the creditors over 60 months.

21. Debtor has filed a First Day Motion for Entry of an Interim Order and Final Order Authorizing Use of Cash Collateral and Providing Adequate Protection and Request for Emergency Hearing. I have reviewed the Motion and believe that the relief sought in the Motion is necessary to enable to the Debtor to operate in Chapter 11 with minimal disruption to the business or loss of revenue.

22. It is necessary for Surface Protection to pay the expenses included within the budget set forth in the Cash Collateral Motion to meets its necessary and critical operating expenses, including its payroll costs.

23. If the Cash Collateral Motion is not granted, and Debtor is not authorized to pay its expenses necessary for the day-to-day operations, the business would suffer irreparable harm and would likely have to close to the detriment of Debtor's creditors, customers, and employees.

24. The Budget attached to the Cash Collateral Motion anticipates that the Debtor's cashflow will be positive.

Further Affiant sayeth not.

Raymond Blake, Manager for Debtor

Subscribed and sworn to before me this
5th day of November, 2026

T. Salzbrenner, Notary Public
Livingston County, Michigan
Acting in Oakland County, Michigan
My commission expires: 10/31/2028


26-52283-lsg Doc 12 Filed 11/10/26 Entered 11/10/26 14:34:40 Page 4 of 4