**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:

**Surface Protection International, LLC**
Debtor.

**Case No. 26-52283**
**Ch. 11, Subchapter V**
**Hon. Lisa S. Gretchko**

_______________________________________________/

**FIRST-DAY MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES**

Surface Protection International, LLC ("Debtor"), through proposed undersigned counsel, hereby submits this first-day motion for an order authorizing payment of certain pre-petition wages and salaries (the "Motion"). In support of this Motion, Debtor states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3. The venue of this Chapter 11 filing and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein are 11 U.S.C. §§ 105(a), 363(b)(1), and 507(a)(1)(4)(A) (the "Bankruptcy Code").

5. On November 10, 2026, (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code

(the “Chapter 11 Case”). The Debtor is operating its business and managing it as a debtor-in-possession pursuant to 11 U.S.C. § 1107(a).

6. Debtor is a Michigan limited liability company founded June 29, 2009, as “Surface Protection International, LLC.” Debtor’s principal place of business is in Roseville, Michigan.

7. In support of this Motion, the Debtor submits an Affidavit of Raymond Blake in support of the instant Motion, which will be filed concurrently with this Motion.

8. Debtor provides surface protection solutions to the construction industry to protect fixtures, surfaces, and cabinets from damage resulting from construction.

9. Debtor has commenced this case to facilitate a reorganization of its debt and believes its efforts through this Chapter 11 will maximize recovery to all creditors and other parties in interest.

10. Debtor is requesting this Court enter an order authorizing, but not directing, Debtor to pay to, or for the benefit of, employees their accrued pre-petition wages.

11. Debtor is requesting that this Court enter an order authorizing, but not directing, Debtor to pay any and all local, state and federal withholding and payroll related taxes relating to pre-petition periods, including, but not limited to, all

withholding taxes, Social Security taxes, FICA and Medicare taxes.

12. As of the Petition Date, the Debtor employed seven hourly employees, whose wages are the subject of the relief requested in this Motion. None of these employees is an insider.

13. Debtor's employees are paid weekly on Friday for work performed the Wednesday through Tuesday in the week preceding payroll. For example, in this matter, Debtor seeks pre-petition wages for services rendered by employees from November 4, 2026, through November 9, 2026. The pay period ended on November 10, 2026 (the Petition Date) and should have been paid on November 13, 2026.

14. The continued and uninterrupted service of Debtor's employees is necessary and essential for Debtor to continue its daily operations and maintain its business activities.

15. As of the Petition Date, Debtor's employees were owed or are entitled to receive various sums for wages, as the Debtor filed this Chapter 11 during its regular payroll period.

16. Debtor states that no individual employee is owed more than $17,150 for pre-petition wages and benefits combined. No employee of Debtor is entitled to any vacation pay. A schedule of the wages requested to be paid is attached hereto as **Exhibit B**.

17. As of the Petition Date, Debtor owed a combined total of $3,367.48 to its hourly employees for pre-petition wages, which includes amounts for federal and state withholding taxes and FICA/Medicare of $284.87 in matching funds, and applicable employer contributions, for the pre-petition pay period of November 4, 2026, through November 9, 2026. *Id.*

18. Debtor states that with respect to the portion of payroll obligations that constitute "trust fund" taxes, the payment of such taxes will not prejudice other creditors of the Debtor's estate, given that the relevant taxing authorities would hold a priority claim under section 507(a)(8)(C) of the Bankruptcy Code.

19. The monies payable for trust fund taxes are not property of the Debtor's estate.

20. If pre-petition wages are not paid, then Debtor's ability to preserve its business and assets will be adversely affected by defection of otherwise loyal and supportive employees.

21. Debtor's failure to honor accrued obligations to its employees would have a disastrous effect. Employees would be forced to find employment elsewhere and Debtor's ability to maintain its regular business operations would be impaired. This would result in a loss of goodwill to the business.

22. Pursuant to 11 U.S.C. § 507(a)(4), an employee may be granted a priority claim for allowed unsecured claims, but only to the extent of $17,150.00 for each individual earned within 180 days before November 10, 2026, for wages earned by an individual.

23. Debtor states that the amount of pre-petition wages and salaries owed to any single employee does not exceed the sum of $17,150.00 allowable as a priority claim under 11 U.S.C. § 507(a)(4) or § 507(a)(5).

24. This Court, along with other courts, has allowed debtors to pay pre-petition wages. *In Re Big Buck Brewery and Steakhouse, Inc*. Case No.: 04-56761 (E. D. Mich. 2004); *In Re A&E Parking*, Case No.;03-69096 (E.D. Mich 2003).

25. "The Court may issue any order, process or judgment that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a).

26. The "doctrine of necessity" allows the payment of critical pre-petition claims even though the Bankruptcy Code may not explicitly allow the payment. *In re HS Corp*, 108 B.R. 608, 609-610 (N.D. Ohio 1989).

27. The doctrine of necessity recognizes that paying some categories of pre-petition obligations outside a plan of reorganization is often necessary to realize the purpose of Chapter 11 reorganization, which is to preserve the debtor's potential for rehabilitation. See e.g. *In Re Lehigh and New England* Ry., 657 F.2d 570, 581 (3rd Cir. 1981) (holding that the doctrine of necessity permits "immediate payment of

claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their preorganization claim shall have been paid”).

28. A “per se rule proscribing the payment of pre-petition indebtedness may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code.” *In re Structurlite Plastics Corp*., 86 B. R. 922, 932 (Bankr. S.D. Ohio 1998).

29. “A rigid application of the priorities of § 507 would be inconsistent with the fundamental purpose of reorganization and the grant of equity power to bankruptcy courts under the Bankruptcy Code, which is create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of the creditors in full or least proportionately. *In Re Chateaugay Corp.,* 80 B.R. 279, 287 (S.D.N.Y. 1987).

30. “[P]articularly in the early stages of the case, a court may authorize the payment of prepetition debts in order to preserve the potential for rehabilitation.” R. Ordin, *Finality of Order of Bankruptcy Court*, 54 Am. Bankr. L.J., 173, 177 (1980).

31. The foregoing has been applied to authorize debtors to pay pre-petition employee claims when such payments were necessary for continuity of the business and reorganization. *In re Ionosphere Clubs, Inc*., 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989) (partially relying on section 105(a) of the Bankruptcy Code to authorize payment of pre-petition claims of employees when such payments were necessary

to maintain employee morale and retain current employees).

32. This Motion shall not be construed to be a request for authority to assume any executory contracts under 11 U.S.C. § 365.

33. Kimberly Clayson has been appointed as the Subchapter V Trustee in this matter, and the Section 341 meeting of creditors has been set for December 9, 2026. Debtor has given notice to all parties required by L.B.R. 9013-1, including:

a. Debtor's taxing authorities;
b. Debtor's 20 largest unsecured creditors;
c. Debtor's Secured Creditors;
d. Office of the United States Trustee;

34. The Debtor has not served the Motion on the employees because the relief requested will only benefit the employees and the Debtor does not anticipate any objection from the employees.

WHEREFORE, Debtor respectfully requests this honorable Court enter an order substantially in the form as that attached hereto which authorizes the Debtor to pay to employees accrued pre-petition wages on the regularly scheduled post-petition pay dates in accordance with the policies and practices established prior to the Petition Date. Further, that employees be permitted to use accrued pre-petition paid time off and authorizing the Debtor to pay all local, state and federal withholding and payroll related taxes relating to pre-petition periods in the form attached as **Exhibit A**.

Respectfully submitted,

/s/Tami R. Salzbrenner
Jerome D. Frank (P13634)
Tami R. Salzbrenner (P83840)
The Frank Firm, PLLC
Attorneys for Debtor
30833 Northwestern Hwy, Suite 205
Farmington Hills, Michigan 48334
(248) 932-1440
Dated: November 18, 2026

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:

**Surface Protection International, LLC**
Debtor.

**Case No. 26-52283**
**Ch. 11, Subchapter V**
**Hon. Lisa S. Gretchko**

_____________________________________________/

**ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES**

Upon the first day motion (the "Motion"), for an order authorizing payment of certain prepetition wages; the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested therein at a hearing thereon on November 23, 2026 (the "Hearing"); the Court finding that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; the Court finding that is has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the Court finding that this is a core proceeding pursuant to 28 U.S.C. § 158(a); and the Court finding that notice of the Motion and the Hearing given by the Debtor was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual basis set forth in the Motion and the Hearing established just cause for the relief herein granted:

IT IS HEREBY ORDERED THAT:

1. The Motion shall be, and hereby is, GRANTED.

2. Debtor is authorized, but not directed, to pay to its employees accrued pre-petition wages upon entry of this Order.

3. Debtor is authorized, but not directed, to pay all local, state and federal withholding and payroll related taxes relating to pre-petition periods as listed on Exhibit A to the Motion.

4. Nothing in the Motion shall be deemed a request for authority to assume, and nothing in this Order shall be deemed an authorization to assume, any executory contract under Section 365 of the Bankruptcy Code.

5. No payment under this Order, to or for the benefit of any single employee, may exceed the priority cap of 11 U.S.C. §507(a)(4) ($17,150.00).

6. Notwithstanding anything to the contrary contained in this Order, any payment to be made under this Order, or authorization contained in this Order, shall be subject to the terms of the Cash Collateral Order, and the Revised Budget (ECF No. __), and nothing in this Order shall modify or affect the terms of, or constitute waiver of the prepetition and post-petition secured creditors rights under, any such order.

8. The requirements of Fed. R. Bankr. P. 6004(a) are waived.

9. The terms of this Order are immediately effective and enforceable upon its entry.

# Exhibit B

Pre-Petition Wages due to Employees

| Employee | Hours | Hourly Rate | Total Paid | Tax Withheld | Net Pay | Employer Liability | Total Expense |
|---|---|---|---|---|---|---|---|
| Brian Busacca | 19.81 | $ 17.00 | $ 336.77 | $ 50.52 | $ 286.25 | $ 25.59 | $ 362.36 |
| Nicholas Cohoon | 11.87 | $ 15.00 | $ 178.05 | $ 21.19 | $ 156.86 | $ 30.18 | $ 208.23 |
| Clerance Cooper | 32.17 | $ 28.00 | $ 900.76 | $ 164.84 | $ 735.92 | $ 69.18 | $ 969.94 |
| Carmina Gascon | 8.48 | $ 18.00 | $ 152.64 | $ 18.16 | $ 134.48 | $ 25.01 | $ 177.65 |
| Russell Mielke | 35.01 | $ 30.00 | $ 1,050.30 | $ 225.81 | $ 824.49 | $ 80.80 | $ 1,131.10 |
| Maximus Ortwine | 14.31 | $ 14.00 | $ 200.34 | $ 24.04 | $ 176.30 | $ 34.03 | $ 234.37 |
| Faith Zettel | 10.55 | $ 25.00 | $ 263.75 | $ 32.97 | $ 230.78 | $ 20.08 | $ 283.83 |
| | | | | | | $ 284.87 | $ 3,367.48 |